MIN:                                                                                                  Loan Number:
                                                                                                      Case Number:

# NOTE

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

OCTOBER 30, 2017                           LEWISTON                                MAINE
[Date]                                     [City]                                  [State]

53 January Lane, Milford, Maine 04461
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $160,886.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is NORTHEAST BANK, A MAINE CHARTERED BANK
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 3.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on DECEMBER 1, 2017. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on NOVEMBER 1, 2047, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 500 CANAL STREET, LEWISTON, MAINE 04240

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 745.09 .

EXHIBIT B

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000 % of my overdue payment of principal, interest, and escrow for taxes and insurance. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including

MAINE FIXED RATE NOTE--Single Family
MODIFIED INSTRUMENT FOR DEPARTMENT OF VETERANS AFFAIRS
MEFN.VA  (Rev. 1/01)                              Page 2 of 4

DocMagic eForms
www.docmagic.com

the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property; Acceleration; Assumption.** This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code. The acceptability of any assumption shall also be subject to the following additional provisions:

(a) **Funding Fee:** A fee equal to one-half of 1 percent of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729(c).

(b) **Processing Charge:** Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) **Indemnity Liability Assumption:** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

If the acceptability of the assumption of this loan is not established for any reason, and Lender exercises its option to declare all sums secured by this Security Instrument immediately due and payable, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MAINE FIXED RATE NOTE--Single Family
MODIFIED INSTRUMENT FOR DEPARTMENT OF VETERANS AFFAIRS
MEFN.VA  (Rev. 1/01)                                Page 3 of 4

DocMagic eForms
www.docmagic.com

## NOTICE TO BORROWER

Department of Veterans Affairs regulations at 38 C.F.R. 36.4337 provide as follows:

"Regulations issued under 38 U.S.C. Chapter 37 and in effect on the date of any loan which is submitted and accepted or approved for a guaranty or for insurance thereunder, shall govern the rights, duties, and liabilities of the parties to such loan and any provisions of the loan instruments inconsistent with such regulations are hereby amended and supplemented to conform thereto."

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Eric R Hoyle                                        -Borrower

_____ (Seal)
Alexandra M Hoyle                              -Borrower

_____ (Seal)
                                                          -Borrower

_____ (Seal)
                                                          -Borrower

_____ (Seal)
                                                          -Borrower

_____ (Seal)
                                                          -Borrower

Loan Originator: Shannon Monty Odom, NMLSR ID
Loan Originator Organization: Northeast Bank, NMLSR ID

WITHOUT RECOURSE PAY TO THE ORDER
OF: _____
FIRST GUARANTY MORTGAGE CORPORATION
BY: [signature]
Brendan Curley, Final Docs Manager

*[Sign Original Only]*

MAINE FIXED RATE NOTE--Single Family
MODIFIED INSTRUMENT FOR DEPARTMENT OF VETERANS AFFAIRS
MEFN.VA  (Rev. 1/01)                                          Page 4 of 4

DocMagic eForms
www.docmagic.com

## ALLONGE TO THE NOTE

LOAN NUMBER:

LOAN AMOUNT: $160,886

NOTE DATE: October 30, 2017

PROPERTY ADDRESS: 53 January Lane, Milford, ME 04461

IN FAVOR OF: NORTHEAST BANK, A MAINE CHARTERED BANK

AND EXECUTED BY: Eric R Hoyle and Alexandra M Hoyle

PAY TO THE ORDER OF FIRST GUARANTY MORTGAGE CORPORATION WITHOUT RECOURSE

NORTHEAST BANK, A MAINE CHARTERED BANK

500 CANAL ST., LEWISTON, ME 04240


BY: _/s/ Debora A. Redmond_

DEBORA A. REDMOND

VICE PRESIDENT